http://www.va.gov/vetapp16/Files5/1639905.txt

Citation Nr: 1639905 
Decision Date: 09/30/16 Archive Date: 10/13/16

DOCKET NO. 11-20 148A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Milwaukee, Wisconsin

THE ISSUES

1. Whether vacatur of the decision of the Board of Veterans Appeals denying service connection for a cervical spine disability issued on March 30, 3016, is warranted.

2. Entitlement to service connection for a cervical spine disability.

3. Entitlement to service connection for a bilateral eye disability.

4. Entitlement to a total disability evaluation based on individual unemployability due to service-connected disabilities (TDIU).

REPRESENTATION

Appellant represented by: Daniel G. Krasnegor, Attorney at Law

WITNESS AT HEARING ON APPEAL

Appellant

ATTORNEY FOR THE BOARD

P. Olson, Counsel

INTRODUCTION

The Veteran had active military service from January 1978 to May 1988; he also had a period of active duty as a Reserve Member from September 1976 to January 1977.

This issue of entitlement to service connection for a cervical spine disability came back before the Board of Veterans' Appeals (Board) on Remand from the United States Court of Appeals for Veterans Claims (Court) regarding a Board decision rendered in December 2014. The issues of entitlement to service connection for bilateral eye disability and a TDIU are before the Board of Veterans' Appeals (Board) following Board Remands in December 2014 and March 2016. This matter was originally on appeal from an April 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Milwaukee, Wisconsin.

In July 2014, the Veteran testified at a videoconference hearing. A transcript of that hearing is of record.

In a March 30, 2016, decision, the Board denied the Veteran's claim of entitlement to service connection for a cervical spine disability. In July 2016, the Veteran's attorney filed a motion to vacate the Board's March 30, 2016, decision.

The claims file is now entirely in VA's secure electronic processing systems, Virtual VA and Veterans Benefits Management System (VBMS). 

The issues of entitlement to service connection for a cervical spine disability and a bilateral eye disability as well as entitlement to a TDIU are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).

FINDINGS OF FACT

1. On March 30, 2016, the Board issued a decision denying service connection for a cervical spine disability.

2. In July 2016, the Veteran's attorney filed a motion to vacate the Board's March 30, 2016, decision. It was contended that the attorney was not aware of evidence that had been added to the record and was considered in the March 2016 decision.

CONCLUSION OF LAW

The criteria for vacatur of the March 30, 2016, Board decision denying service connection for a cervical spine disability, have been met. 38 U.S.C.A. § 7104(a) (West 2014); 38 C.F.R. § 20.904(a) (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Board may vacate an appellate decision at any time upon request of the appellant or his or her representative, or on the Board's own motion, where an appellant has been denied due process of law. 38 U.S.C.A. § 7104(a); 38 C.F.R. § 20.904(a).

In its March 30, 2016, decision, the Board denied the Veteran's claim for service connection for a cervical spine disability. 

In denying the claims, the Board relied in part on evidence received after the December 2014 Board decision which was remanded by the Court August 2015. In his July 2016 motion to vacate the Board's March 30, 2016, decision, the Veteran's attorney argued that although records identified in a December 2014 remand order were requested and/or obtained, and they were associated with the Veteran's claims file, the Veteran's attorney was not notified of this development or afforded an opportunity to respond to the developed evidence prior to the rendering of the March 2016 decision.

In view of the above, the March 30, 2016, Board decision denying entitlement to service connection for a cervical spine disability is vacated. Accordingly, the motion to vacate the Board's March 30, 2016, decision denying service connection for a cervical spine disability is granted.

ORDER

The decision of the Board denying service connection for a cervical spine disability issued on March 30, 2016, is vacated.

REMAND

As noted above, additional evidence was added to the file after the December 2014 Board decision was remanded by the Court August 2015. A subsequent Supplemental Statement of the Case was not sent to the Veteran's or his attorney with respect to the issue of entitlement to service connection for a cervical spine disability. As such, the Board must remand the case so that a Supplemental Statement of the Case can be issued. 

Similarly, in April 2016, after the Board remanded the issues of entitlement to service connection for bilateral eye disability and a TDIU, the Veteran appointed private attorney Daniel Krasnegor as his representative for the claims of entitlement to service connection for disabilities of the cervical spine, bilateral wrists, right thumb, bilateral eyes, right knee, and a TDIU via a properly executed VA Form 21-22a, Appointment of Individual as Claimant's Representative. The Board recognizes the change in representation. These matters had been part of a separate decision as the veteran was represented by a different organization at the time of the earlier remand.

A Supplemental Statement of the Case was, however, sent to the Veteran's previous representative, Wisconsin Department of Veterans Affairs, in June 2016. Thus, the Veteran's attorney should be provided a copy of all correspondence from VA with respect to the issues on appeal, including the June 2016 Supplemental Statement of the Case with revised representation. 

Accordingly, the case is REMANDED for the following action:

1. The Veteran's attorney should be provided all correspondence from VA since April 12, 2016 concerning the issues on appeal.

2. The Veteran and his attorney should be furnished a revised Supplemental Statement of the Case showing the Veteran's attorney as his representative for the issues of entitlement to service connection for bilateral eye disability and entitlement to a TDIU and be afforded a reasonable opportunity to respond before the record is returned to the Board for further review 

3. The issue of entitlement to a cervical spine disability should be reviewed on the basis of the additional evidence added to the file since December 17, 2014. If the benefit sought is not granted in full, the Veteran and his attorney should be furnished a Supplemental Statement of the Case and be afforded a reasonable opportunity to respond before the record is returned to the Board for further review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

______________________________________________
MICHAEL D. LYON
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs